UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOSHAMBE THOLMER,
Plaintiff,

v.

FRANK J. BISIGNANO,
Defendant.

Case No. 25-cv-05382-AGT

**ORDER RESOLVING CLAIM FOR REVIEW UNDER 42 U.S.C. § 405(g)**

Re: Dkt. Nos. 18, 19

Toshambe Tholmer seeks judicial review of an ALJ decision denying his application for social security disability benefits. Finding that the ALJ's decision was supported by substantial evidence and that any legal errors were harmless, the Court affirms.

* * *

1. Dr. Alina Cote opined that Tholmer wasn't well enough to work. AR 553. The ALJ permissibly rejected her opinion, finding it inconsistent with the medical record, including Dr. Cote's treatment notes. AR 34. Substantial evidence supported the ALJ's assessment. Dr. Cote's notes revealed generally normal mental status exams, despite some paranoia and hallucinations, and stability when medicated. *See, e.g.*, AR 651 ("Pt reports he has been doing better on the medications. His mood has been 'good.' He has still had some of the [auditory hallucinations], but it is much more rare and he is able to distract himself and

reality test."); AR 655 (observing appropriate grooming and hygiene, good eye contact, normal speech, "cool" mood, some anxiousness and audiovisual hallucinations, but fair insight, attentiveness to conversation, and intact memory). An ALJ may reject a medical opinion that is "inconsistent with the medical record and with [the opining doctor's] own unremarkable mental status examinations." *Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (internal quotation marks omitted).

2. To the extent that the ALJ inconsistently found one State agency consultant's opinion persuasive (Dr. Kravitz) and another's unpersuasive (Dr. Boyd), despite no material differences in the opinions, the error was harmless. The consultants opined that Tholmer's mental impairments were mild. AR 95–97, 109–11. The ALJ, in contrast, said Tholmer's mental impairments were severe, AR 34, and included restrictions in the residual functional capacity (RFC) reflecting that conclusion. *See* AR 26–27 (limiting Tholmer to "simple work-related decisions," carrying out only "simple instructions," adjusting only to "occasional changes in a routine work setting," and having "no direct interaction with the public"). "When an ALJ's RFC finding is more restrictive than . . . opined limitations from a medical source, there can be no harmful error." *Dale v. Colvin*, 2017 WL 354612, at *6 (W.D. Wash. Jan. 4, 2017), *adopted*, 2017 WL 356672 (W.D. Wash. Jan. 24, 2017).

3. Tholmer's therapist Shauna McFarland, LMFT, provided only treatment and progress notes, AR 681–86, not "[a] medical opinion . . . about what [Tholmer] [could] still do despite [his] impairment(s)." 20 C.F.R. § 416.913(a)(2). "Because the . . . treatment notes offered no opinion about the severity of [Tholmer's] mental impairments or any functional limitations that those impairments caused, they [were] not medical opinions" that the ALJ was required to address. *Kaminski v. Kijakazi*, 856 F. App'x 735, 736 (9th Cir. 2021).

4. The ALJ gave "clear and convincing reasons" for discounting Tholmer's subjective symptom testimony, and the ALJ's decision was supported by substantial evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting another source). The ALJ reasonably concluded that Tholmer's statements about the intensity and limiting effects of his mental illness—e.g., that he was too paranoid to work, AR 50—were inconsistent with his "generally normal mental status exam[s]," and his improvements with medication. AR 35. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis omitted).

5. Because the ALJ conducted the hearing in Tholmer's case remotely from Virginia, Tholmer hypothesizes that the ALJ didn't "properly consider[] Ninth Circuit binding precedent." Dkt. 18 at 16. The record doesn't support this conjecture. The ALJ knew that Tholmer lived in California, AR 44, and there's no indication that he applied the wrong law.

* * *

On the grounds stated above, the Court affirms the ALJ's decision and will separately enter judgment for the Social Security Commissioner.

**IT IS SO ORDERED.**

Dated: August 19, 2026

Alex G. Tse
United States Magistrate Judge